Nash, J.
 

 Many orders and decrees are made in the hurry of business, on the circuits, which will not bear a strict scrutiny, and which the Judge himself would not mahe, if he had time for the least reflection. This case furnishes an instance. The presiding Judge submits to the jury the question, whether the petitioner was the as-signee of James M. Townsend’s distributive share. This was a question of law tobe decided by him. After the j ury had responded to the issues submitted to them, without any reference to the Master to ascertain the situation of the assets, and the amount due for the distributive share of James M. Townsend, the Court decrees that the defendants should pay the plaintiff a certain sum. We think this was erroneous. But the proceedings are in themselves defective. At the filing of the petition, James M. Townsend was dead. His representative is not made a party, nor are the other children of Mrs. Townsend, nor is any reason given why they are not. The petitioner claims to be the assignee of James M. Townsend. The paper, which he alleges contains the assignment, does not purport to be an express assignment of the drawer’s distributive share — there are no words of conveyance in it —it is not addressed to the defendants in their representative character; it is but an order for the payment of what money of his, might be in their hands. It is true, an order by one of the next of kin, upon the administrator, such as the one in this case, may, under circumstances, be held to be an equitable assignment of his distributive share. But when it is, as here, not upon its face an
 
 *53
 
 assignment, the person claiming under it, in order to recover, must make the alleged assignor a party in order to ascertain its character.
 
 Polk
 
 v.
 
 Gallant, 2
 
 Dev. and Bat. Eq. 395.
 
 Thompson
 
 v.
 
 McDonald,
 
 Ibid. 403. But it was equally necessary to make the other children of Mrs. Townse'nd parties. It is ever the aim of a Court of Equity to do complete justice, by deciding upon and settling the rights of all parties interested in the subject of the suit, in order to prevent future litigation, and to make the performance of the orders of the Court perfectly safe to those, who are compelled to obey them.
 
 Calocrt on parties,
 
 in Eq. 3. All persons, therefore, who are interested in the question, or concerned in the demand, ought to be made parties. Ibid. p. 10. The other dis-tributees of Mrs. Townsend are directly interested in the question and concerned in the demand. The fund sought to be divided is a joint one, in which all the
 
 next
 
 of kin have an interest. The other children ought to have been parties, and no reason is assigned why they are not.
 
 Hobbs
 
 v.
 
 Craige,
 
 l Ired. 339.
 
 Hewson
 
 v. McKenzie, 1 Dev Eq. 463.
 
 Calvert and parties,
 
 in Eq. 3, 10. This objection can as well be taken on the hearing as by plea. The case is before us for final hearing upon an appeal, and we must decide it as it is.
 

 Per Curiam. The decree below reversed and the petition dismissed at the costs of the plaintiff.